UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK CONABLE, DAVID M. JACKSON, and COLORADO BOXED BEEF COMPANY, | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 1:05-CV-02887-MHS |
| v. | : | |
| U.S. FOODSERVICE, INC., | : | |
| Defendant. | : | |

### ORDER

Presently before the Court is plaintiffs' motion for preliminary injunction. The Court's ruling is set forth below.

Background

Plaintiffs, Mark Conable and David M. Jackson, signed non-solicitation and non-disclosure agreements as part of their employment with defendant, U.S. Foodservice, Inc. ("USF") in 2004 and 2003 respectively. During October of 2005, both Conable and Jackson voluntarily terminated their employment with USF and began new employment with plaintiff, Colorado Boxed Beef Company ("CBBC"), as Food Sales Representatives.

AO 72A
(Rev.8/82)

After receiving letters from USF contending that the non-solicitation restrictive covenant was enforceable and threatening to take legal action, plaintiffs filed a complaint for declaratory and injunctive relief and demand for jury trial in this Court. Plaintiffs contend that the non-solicitation restrictive covenant is not enforceable as it violates Georgia's public policy. Plaintiffs bring three counts in their complaint: (1) declaratory relief; (2) injunctive relief; and (3) attorneys' fees pursuant to O.C.G.A. § 13-6-11.

Plaintiffs have moved for a preliminary injunction enjoining and restraining USF from enforcing or seeking to enforce the non-solicitation and non-disclosure covenants. As set forth below, the Court concludes that it does not have subject matter jurisdiction over this case.

Discussion

In two footnotes of its response brief to plaintiffs' motion, defendant contests the Court's federal jurisdiction and argues that the Court should not entertain plaintiffs' motion.[1] Defendant also contests the Court's jurisdiction

---

[1] Defendant spends all of the remaining pages of its response brief addressing the preliminary injunction issue, and plaintiffs do not address the issue of subject matter jurisdiction in their reply brief.

2

in its answer to the complaint and the joint preliminary report and discovery plan.

Federal courts have limited subject matter jurisdiction, and therefore the Court must inquire sua sponte whenever it appears that subject matter jurisdiction may be lacking. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Plaintiffs allege diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) by stating that complete diversity of citizenship exists and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.[2] Plaintiffs seek declaratory and injunctive relief, attorneys' fees, costs, and other and further relief as the Court deems proper.

In a case such as this where plaintiffs seek injunctive relief, the amount in controversy is the "monetary value of the object of the litigation from the plaintiff's perspective." Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1268 (11th Cir. 2000). "In other words, the value of the requested injunctive

---

[2]Although plaintiffs state in their complaint that there is an actual and justiciable controversy within the meaning of 28 U.S.C. § 2201, an independent ground of jurisdiction is expressly required by statute in cases such as this one where plaintiffs seek declaratory relief. Commercial Metals Co. v. Balfour Guthrie Co. Ltd., 577 F.2d 264, 268 (5th Cir. 1978); Wendy's Int'l, Inc. v. City of Birmingham, 868 F.2d 433, 435 (11th Cir. 1989).

relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Id. quoting Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000). Plaintiffs must show that the injunction will produce benefits that are sufficiently measurable and certain to satisfy the amount in controversy requirement. Morrison, 228 F.3d at 1269.

The case of D and R Party, LLC v. Party Land, Inc., is illustrative of the issue before the Court. No. Civ. A. 105CV2318CAP, 2005 WL 3477984 (N.D. Ga. Dec. 13, 2005). In D and R Party, LLC, the plaintiff entered into an agreement with the defendant that contained two noncompetition clauses. The plaintiff subsequently wanted to operate a store similar to defendant's store at the same location. The plaintiff sought declaratory relief to void the noncompetition clauses and injunctive relief to enjoin the defendant from enforcing the clauses. The Court found that assessing the monetary value of the claims from the plaintiff's perspective was problematic because the value was highly speculative. It was unclear to the Court what income the plaintiff would generate, there was no evidence of plaintiff's revenue history, and it was highly uncertain how successful the plaintiff would be in his future business endeavors. The Court concluded that the monetary benefit that the plaintiff would receive was too speculative and immeasurable, and therefore,

because the Court lacked subject matter jurisdiction, it granted the plaintiff's motion to remand to state court.

In the instant case, if the Court granted plaintiffs an injunction, according to plaintiffs, Jackson and Conable would receive the benefit of pursuing the livelihood of their choice and their primary source of income. If the Court invalidated the non-solicitation covenant, Jackson and Conable would receive the benefit of being able to solicit, market, service, sell to or contact, or attempt to do so, some of defendant's customers.

The complaint makes no mention of how much income Jackson or Conable receive from CBBC or the monetary value of the benefit they receive by pursuing the livelihood of their choice.[3] In addition, it is unclear what income, if any, the individual plaintiffs could generate if the non-solicitation covenant was unenforceable and plaintiffs were free to solicit and service some of defendant's customers. The monetary benefit CBBC would receive

---

[3] The declaration of Cathy Wofford, Vice President of Human Resources for USF, states that plaintiff Conable's total compensation for the past twelve months was $56,078.20. Wofford states that USF employed plaintiff Jackson for approximately six months and his compensation was $38,907.39. Although these figures provide the Court with some estimation of the benefit plaintiffs receive from their career, the Court does not know how much income they receive by working at CBBC.

5

if the Court granted plaintiffs' injunctive relief is also highly speculative. The Court finds that any benefit that plaintiffs could receive from injunctive relief is too speculative and immeasurable to satisfy the amount in controversy requirement. D and R Party, LLC v. Party Land, Inc., 2005 WL 3477984 at *3; see Morrison, 228 F.3d at 1270; Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 221-22 (11th Cir. 1997).

Plaintiffs also seek attorneys' fees pursuant to O.C.G.A. § 13-6-11.[4] When recovery of attorneys' fees is allowable under state law, such as here, attorneys' fees are included in the determination of the amount in controversy. Blank v. Preventive Health Programs, Inc., 504 F. Supp. 416, 421 (S.D. Ga. 1980). Plaintiff has not set out any specific amount of attorneys' fees on the face of the complaint. Thus, the Court can only surmise at the amount of attorneys' fees and whether they would meet the jurisdictional minimum. Id. at 422. In addition, the Court is mindful of the general rule in Georgia that parties are responsible for their own attorneys'

---

[4] This law provides that "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow [for the expenses of litigation]." O.C.G.A. § 13-6-11.

6

fees and that an any award of fees is an exception to this rule. Dep't of Transp. v. Ga. Television Co., 244 Ga. App. 750, 773 (2001).

Generally, to justify dismissal for lack of diversity jurisdiction, it must appear to a legal certainty that the claim is really for less than $75,000. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). However, if jurisdiction is based on a claim for indeterminate damages, the party seeking to invoke federal jurisdiction bears the burden of proving that the claim meets the jurisdictional minimum and the "'legal certainty' test gives way." Id. Here, the Court concludes that the claim is for an amount that is indeterminate and that plaintiffs have not met their burden of proving that the claim meets the jurisdictional minimum. See Blank, 504 F. Supp. at 421-22 (court cannot apply the "legal certainty" test when the amount of fee is not stated in the complaint); see Federated Mut. Ins. Co., 329 F.3d at 807.

Conclusion

Accordingly, the Court DISMISSES WITHOUT PREJUDICE this case because the Court lacks subject matter jurisdiction and DENIES AS MOOT

plaintiffs' motion for preliminary injunction [#2].

IT IS SO ORDERED, this 17 day of January, 2006.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

8

AO 72A
(Rev.8/82)